ON MOTION TO DISMISS APPEAL
SARTAIN, Judge.
Plaintiffs in this action have filed a motion to dismiss defendant’s appeal on the grounds that defendant failed to timely file his appeal bond.
The record indicates that after a trial on the merits, the matter was taken under advisement by the trial judge. The thirty days allowed the judge pursuant to L.R.S. 13:4207 within which to consider the matter elapsed during vacation. Therefore, pursuant to L.R.S. 13:4208, the trial judge, on July 2, .1974, after rendering judgment in favor of plaintiff on that date, granted an order of appeal, set the amount of the appeal bond, and assigned the return date as September 2, 1974, pursuant to C.C.P. Art. 2125.
On October 1, 1974, defendant petitioned for a devolutive appeal and filed á cash bond set forth in that petition. Therein the return date was assigned as November 2, 1974.
Plaintiff now contends that since defendant’s appeal bond was filed after the September 2nd return date, it was not timely filed. He further argues that defendant’s appeal is defective because the trial court lacked jurisdiction, there having already been an order of appeal granted.
We find no merit in plaintiff’s arguments and deny his motion to dismiss for the following reasons.
With respect to plaintiff’s first argument that the appeal bond was not. timely filed, we note the provisions of C. C.P. Art. 2087. This article gives an appellant a basic ninety day period within which to perfect a devolutive appeal. The return date prescribed by C.C.P. Art. 2125 has no effect whatsoever on this ninety day period. The law is clear that a devol-utive appeal which is not perfected by the timely filing of the appeal bond within the ninety day period of 2087 is fatally defective, Jones v. Galloway, 259 So.2d 623 (La.App., 1st 1972), but this case and others cited to us by plaintiff can in no way be construed to hold that appeals perfected after the return date by filing of the bond are necessarily invalid. The validity vel non of the devolutive appeal as it affects the timeliness is governed solely by C.C.P. Art. 2087 and is unaffected by the return date.
Plaintiff’s second argument that the trial court lacked jurisdiction to grant the second order of appeal within the ninety day period falls in light of C.C.P. Art. 2088. Pursuant to that article, the trial court is divested of jurisdiction when the appeal bond is filed. No appeal bond had been filed by defendant until after the second order of appeal was granted, thus jurisdiction had not yet ascended from the trial court.
For the above assigned reasons, plaintiff’s motion to dismiss defendant’s appeal is hereby denied at plaintiff’s costs.
Motion denied.