HALL, Judge.
Plaintiff-appellant, William R. Elrod, appeals from a judgment in favor of the defendant-appellee, the City of Shreveport. The City has filed a motion to dismiss *340 based upon appellant’s failure to timely file his devolutive appeal bond.
The judgment of the trial court was read and signed on February 7, 197S. A clerk’s certificate shows that notice of the judgment was mailed to plaintiff-appellant through his attorney on February 10, 1975. Plaintiff-appellant moved for an appeal on April 2, 1975, and an order issued that date granting appellant a devolutive appeal returnable June 2, .1975. Bond was fixed at $250, pursuant to LSA-C.C.P. Art. 2124. The bond was filed May 29, 1975.
Under the applicable provisions of the law, May 20, 1975, was the last day on which appellant could have filed his bond and thereby perfected his appeal. LSA-C. C.P. Art. 2087 provides that an appeal must be taken, and the appeal bond filed, within ninety days of the expiration of the delay for applying for a new trial, as provided by LSA-C.C.P. Art. 1974, if no application has been filed timely. No application was filed in this case; and the ninety-day period provided by LSA-C.C.P. Art. 2087 began to run seven days exclusive of legal holidays from the day after notice of judgment, as required by LSA-C.C.P. Art. 1913, was mailed on February 10, 1975.
The seven-day period began to run February 11, 1975, and exclusive of legal holidays ended February 19, 1975. The ninety-day period began to run on February 20, 1975, and ended on May 20, 1975. Appellant’s bond was filed nine days later and was not timely. The timely filing of the appeal bond is jurisdictional, and the failure of appellant to do so requires that the appeal be dismissed. Wright v. Mark C. Smith & Sons, et al., La., 283 So.2d 85 (1973).
The motion of the City to dismiss the appeal is granted and the appeal is dismissed at appellant’s costs.
Appeal dismissed.