ELLIS, Judge:
ON RULE TO DISMISS APPEAL
On April 2, 1976, summary judgment was granted dismissing plaintiff’s suit as to Aet-na Casualty & Surety Company. On June 29, 1976, plaintiff was granted a devolutive appeal to this court, returnable on July 30, 1976. On July 27, 1976, the appeal bond was filed. We issued, ex proprio motu, a rule to show cause why the appeal should not be dismissed because the appeal bond was not timely filed.
Allowing for the seven day delay for applying for a new trial provided by Article 1974 of the Code of Civil Procedure; and the 90 day delay thereafter for perfecting the devolutive appeal, provided by Article 2087 of the Code of Civil Procedure; the last day for filing the appeal bond was July 13, 1976. The bond in this case was not filed until two weeks thereafter and we are without jurisdiction to entertain the appeal. Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79 (1968).
Plaintiff argues that the bond was timely filed because it was filed prior to the return date. The argument is without merit. The return date fixed by the trial court, under Article 2125 of the Code of Civil Procedure, has no effect on the delays for perfecting the appeal provided by Article 2087 thereof. See Guidry v. Canal Insurance Co., 313 So.2d 858 (La.App. 1st Cir. 1974).
The appeal is dismissed, at plaintiff’s cost.
APPEAL DISMISSED.