PRICE, Judge.
A jury verdict awarded damages to the wife and son of Edwin L. Lynch resulting from a two-car collision of vehicles driven by Lynch and defendant, John Derryberry. The demand of Lynch for his individual damages was rejected apparently on a finding he was contributorily negligent. The reconventional demand of Derryberry for his personal injuries was also rejected.
*508 Derryberry has perfected an appeal limited to a review of the amount awarded for personal injuries to the minor, Edwin Bryan Lynch, and his mother, Doris Lynch, who were guest passengers in the Lynch automobile. Edwin Lynch answered this appeal praying only for frivolous appeal damages. Lynch also obtained an order for a devolutive appeal. However, the security required by Article 2124 of the Code of Civil Procedure was not furnished within the ninety-day period allowed for taking a devolutive appeal and is untimely. Judgment was signed on May 3, 1976. The bond was not filed until August 11,1976. Lynch argues than an extension of the return date by the trial court to August 13th also extended the period for furnishing the security. This position is unsound, and the appeal must be dismissed. Guidry v. Canal Insurance Co. et al., 313 So.2d 858 (La.App. 1st Cir. 1974); Orrell v. Southern Farm Bureau Casualty Insurance Company, 248 La. 576, 180 So.2d 710 (La.1965).
The only issue, therefore, for review is the amount of damages awarded to Doris Lynch and Edwin Bryan Lynch under the appeal taken by Derryberry, and whether the appeal is frivolous as raised by Lynch’s answer to that appeal.
The trial jury awarded to each of these plaintiffs $5,000 for general damages. Mrs. Lynch was slightly injured in the accident. She testified she had a small cut in her hairline which required three stitches. Edwin Bryan Lynch testified he was thrown about twenty feet from the car and was temporarily knocked unconscious. He received a small cut on the head, abrasions on his back, and a few particles of glass became imbedded in his scalp. Seven or eight stitches were required for the cut on his head. He testified he has suffered intermittent headaches since the accident.
There was no testimony offered to show either of these parties received any further medical treatment after being attended to in the emergency room on the night of the accident.
In ruling on a motion for a remittitur or a new trial, the trial judge observed that in the absence of the jury, his award for Mrs. Lynch would not have exceeded $1,000, and for Edwin Bryan Lynch, $1,500. The motion was denied to alleviate the possibility of a new trial should a remittitur be refused.
We are in accord with the view expressed by the trial judge that the amount awarded by the jury was excessive and abused the discretion accorded to a jury in determining the amount of damages for personal injuries.
The sum of $1,500 is fully adequate for the minor injury received by Mrs. Lynch. The sum of $2,000 is sufficient for the injuries of Edwin Bryan Lynch.
As the appellant, Derryberry, has been accorded a part of the relief requested on this appeal, there is no merit in Lynch’s demand for damages for frivolous appeal.
The judgment is amended to reduce the award in favor of Edwin L. Lynch as administrator of the estate of Edwin Bryan Lynch to the sum of $2,000, and to reduce the sum awarded to Doris Lynch to the amount of $1,500.
The judgment as amended is affirmed. Costs of this appeal are taxed to appellees.