SAMUEL, Judge.
This is an appeal from a judgment setting aside a ruling to the Municipal Fire and Police Civil Service Commission of the City of Kenner which ruling had reinstated appellant, Officer William Ennis Lawrence, after his employment had been terminated by the chief of the City of Kenner Police Department.
Timely filing of an appeal bond is jurisdictional, and the failure of an appellant to timely file a bond requires the ap *269 peal be dismissed.[1] Because the matter is jurisdictional, the reviewing court may dismiss an appeal on its own motion for defects evident in the record.[2]
The judgment of the trial court was read, rendered and signed July 14, 1975. A clerk’s certificate shows that notice of the judgment was mailed to appellant through his attorney on July 15, 1975. Appellant did not apply for a new trial. He moved for an appeal on August 11, 1975, and an order was signed that day granting a sus-pensive appeal returnable October 30, 1975 and setting the appeal bond at $250. The bond was filed October 29, 1975.
The foregoing statement shows the bond was not filed within 30 days of the expiration of the delay for applying for a new trial as provided by Code of Civil Procedure Article 2123 and thus the appellant is not entitled to a suspensive appeal. The other question for our consideration is whether the appeal was perfected in time for us to consider it as a devolutive appeal pursuant to Article 2087 of the Code of Civil Procedure (as that article provided prior to its amendment in 1976), which in pertinent part required that a devolutive appeal may be taken, and the security therefor furnished, within 90 days after the expiration of the delay for applying for a new trial, if no application has been filed timely.
As no application for a new trial was filed within 7 days in accordance with Article 1974, the 90 day period for a suspensive appeal pursuant to the then Code of Civil Procedure Article 2087 began to run 7 days exclusive of legal holidays from the delay after notice of judgment was mailed on July 15, 1975.[3]
íhe 7 day period began to run July 16, 1975 and ended, after 7 days (exclusive of legal holidays), on July 24, 1975. The 90 day period during which appellant could have filed his bond and thereby perfected a devolutive appeal began to run July 25, 1975 and ended on October 22, 1975. Thus, appellant’s bond, filed 7 days later, was not timely.[4]
Since the timely filing of the appeal bond is jurisdictional, appellant’s failure to timely file the bond requires that this appeal be dismissed.
For the reasons assigned, the appeal is dismissed at appellant’s cost.

APPEAL DISMISSED.

. Wright v. Mark C. Smith & Sons, La., 283 So.2d 85.

. Voth v. American Home Assurance Company, La.App., 219 So.2d 236.

.Article 1913, Code of Civil Procedure.

. Lynch v. Derryberry, La.App., 339 So.2d 507; Butaud v. City of Lake Charles, La.App., 338 So.2d 358; Elrod v. City of Shreveport, La.App., 322 So.2d 339.