SAMUEL, Judge.
This matter is before us on remand from the Supreme Court of Louisiana which upheld our dismissal of an appeal by William Ennis Lawrence from a judgment maintaining the termination of his employment as a policeman for the City of Kenner but reversed our dismissal of the appeal of the Kenner Municipal Fire and Police Civil Service Commission from the same judgment.[1]
Lawrence initially was employed by the City of Kenner on a temporary job appointment in March of 1973. On August 10,1973 he was placed under the provisions of the Civil Service laws to begin a working test period of probationary employment. His employment was terminated by the appointing authority on April 1, 1974.
Lawrence appealed that termination to the Municipal Fire and Police Civil Service Commission of the City of Kenner. After three hearings beginning June 4, 1974 and ending June 19, 1974, the Commission ordered Lawrence reinstated with full pay retroactive to April 1, 1974 and with the same rank (patrolman) he had held on that date. The City of Kenner then appealed to the Twenty-Fourth Judicial District Court *566 for the Parish of Jefferson, and after proceedings there the case was remanded to the Commission for additional hearings to determine whether Lawrence in fact had been afforded a fair opportunity to prove his ability as a police officer. On remand the Commission held hearings consisting of three sessions beginning March 25, 1975 and ending April 8,1975. Following those hearings, the Commission again ordered Lawrence reinstated with full pay and all benefits retroactive to April 1, 1974.
The City of Kenner again appealed. On that appeal the trial court found the decision of the Commission on remand was not made upon proper cause, vacated and set aside that decision, and reinstated the original disciplinary action taken by the City on April 1, 1974. The subsequent appeals to this court were taken from that judgment.
The applicable law is set forth in Article XIV, Section 15.1(25) of the Louisiana Constitution of 1921, which was retained and continued in force as statutes by Article 10, Section 18 of the Louisiana Constitution of 1974. The pertinent provision of the 1921 Constitution reads:
“Any employee who is rejected after serving a working test of six months but not more than one year, may appeal to the board only upon the grounds that he was not given a fair opportunity to prove his ability in the position.” (Emphasis ours.)
The same retained constitutional provision (31) limits judicial review of the determination of police and fire civil service boards as follows:
“This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Section. No appeal to the court shall be taken except upon these grounds.”
Thus, judicial review of this matter is limited to a determination of whether the Commission’s decision was made in good faith and for cause and the Commission’s consideration was limited to whether Lawrence had been given a fair opportunity to prove his ability in the position of patrolman.
After the hearings on remand, the Commission handed down findings of fact in which it defined the phrase “fair opportunity to prove his ability in the position” to mean “the learning process” consisting of learning the work scope and performance criteria required of each duty assignment, evaluation by superior officers concerning the individual’s performance during each duty assignment according to “predetermined and specific criteria”, constructive criticism in the individual’s performance and noted improvement in performance of the individual after evaluation and criticism, and the total evaluation and judgment of the individual’s performance measured against “pre-established criteria” to determine whether his ability was sufficiently satisfactory to merit permanent status.
Predicated on this definition of “fair opportunity to prove his ability in the position”, the Commission majority [2] found that Lawrence . . was not given a fair opportunity to prove his ability in his position as Patrolman for the City of Kenner primarily because it was based on a lack of evidence which should have verified that fair performance criteria was used by the Appointing Authority as a basis for his termination.”
A reading of the transcripts of proceedings in both the initial hearings and the hearings after remand shows the Commission based its reinstatement of Lawrence on an absence of what it considered proper evaluation techniques which, in the Commission’s opinion, should have been used by the appointing authority and, more particularly, on the absence of “predetermined and specific criteria” against which the appointing authority was to judge Lawrence’s performance.
*567 To reiterate in part, Lawrence initially was employed by the City of Kenner on a temporary job appointment in March of 1973, working at the city jail. Sometime thereafter he took and successfully completed a civil service examination. He was then sent to the Jefferson Parish Police Academy for eight days. On August 10, 1973 he was placed under the provisions of the Civil Service laws to begin a working test period of probationary employment. He worked as a police officer at the airport and on the road under the supervision of superior officers. These are similar duty assignments and the same training given to all probationary police employees of the Kenner Police Department. His employment was terminated by the appointing authority on April 1, 1974.
The officers under whom Lawrence worked evaluated him as good police material. However, based on several incidents (concerning which there is much dispute in the record), observation of Lawrence during the time the latter served as a policeman, and the result of a psychological evaluation, the Chief of Police was of the opinion Lawrence was not acceptable police material while not acting under supervision. The termination of employment followed.
With one exception the psychological evaluation, a copy of which is in the record, states Lawrence was qualified as a potential candidate for the Kenner Police Department. That exception was in the “pugnacity — sadism area”. The psychologist who made the evaluation recommended Lawrence be hired but further stated “. the possibility of this man’s more pugnacious nature negatively affecting his police work should be pointed out and every effort should be made to help him control it and to see that it is properly supervised.”
On the City’s second appeal to the district court, the trial judge’s reasons for judgment contain the following statement, with which we agree:
“. . . The record is quite clear that appellee was not given any duties more onerous than other policemen, that he was given identical duty assignments as received by other probationary employees and that in the discretion of the appointing authority he was found not to be policeman material.”
We know of no law authorizing a commission to mandate to an appointing authority that it should have pre-estab-lished criteria upon which to evaluate the performance of an employee seeking permanent Civil Service status. Even as a practical matter, the very act of pre-estab-lishing particular criteria would unduly limit the appointing authority by foreclosing other considerations which, at the time of adopting the criteria and at the time of hiring a probationary employee, may not be foreseeable, but which in fact may prove to be extremely relevant to job performance. An appointing authority should not be burdened by all encompassing preexisting criteria in the evaluation of candidates for civil service employment.
Under our civil service system, the only duty owed by an appointing authority to a potential employee who has completed six months, but not more than one year, of his probationary period is to afford him a fair opportunity to prove his ability in the position which he seeks to fill. If this condition is met, such a potential regular civil service employee may be terminated in the absolute discretion of the appointing authority. The basic purpose of the working test period of probationary employment is to give the appointing authority an additional opportunity to conclude whether or not the probationary employee is a proper candidate for the regular classified service. This procedure is designed to prevent entry into the classified service of unsuited or incapable persons and thereby protect the integrity of the service and, as in this case, the safety of the public.
As has been stated, when a probationary employee with six but not more than twelve months’ experience has been terminated and appeals to the Commission, the sole statutory function of the Commission is to determine if the appointing authority has given the applicant a fair oppor *568 tunity to prove his ability in the position he seeks to fill. Once the Commission has legally performed this function (without reference to self-established pre-existing criteria), its authority has been fulfilled. The Commission may not itself undertake inquiry into the wisdom of the termination.
We are satisfied, as was the trial judge, that Lawrence was afforded a fair opportunity to prove his ability as a patrolman, an opportunity which was at least equal to that given to all, and even greater than to some, other applicants for the position of patrolman in the- City of Kenner Police Department. There is no evidence to the contrary. While we do not question the good faith of the Commission, we must and do hold that its decision reinstating Lawrence was without cause in that it exceeded its authority.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. This court’s previous opinion is published at 355 So.2d 268. The Supreme Court’s grant of certiorari is published at 357 So.2d 1154, and its opinion is published at 365 So.2d 1301.

. The majority consisted of three of the Commission’s five members. There were two dissents.