552 So.2d 1317 (1989)
Raylyn Reine BEEVERS
v.
JEFFERSON PARISH JUVENILE COURT.
No. 89-CA-262.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1989.
Writ Denied January 26, 1990.
*1318 LeBlanc, Strickler & Woolhandler, Ann Woolhandler, New Orleans, for Jefferson Parish Juvenile Court, appellant.
Louis G. Gruntz, Jr., Deputy Parish Atty., Parish of Jefferson, Gretna, for Personnel Director, Parish of Jefferson, appellee.
Before CHEHARDY, C.J., and BOWES and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
Appellant, Jefferson Parish Juvenile Court (Juvenile Court), challenges the constitutionality of Jefferson Parish Ordinance No. 16331, which outlines the civil service status of juvenile court employees. The Personnel Director of Jefferson Parish (Personnel Director) seeks dismissal of the appeal on peremptory exceptions of no right of action and failure to join indispensable parties. He argues that Juvenile *1319 Court is not the proper plaintiff to maintain the appeal. Alternatively he contends that nine juvenile court employees who may be affected by a ruling on the validity of the ordinance are indispensable parties to the suit.
For the reasons assigned herein, we find that Juvenile Court has standing to maintain this appeal, in light of the unusual procedural posture of the case. The exception of no right of action is overruled. The exception of failure to join indispensable parties is sustained. The nine post-1974 juvenile court employees are indispensable parties to a suit that seeks to judicially alter status and rights derived from their employment. The appeal is dismissed without prejudice.

FACTS
The case was commenced as a petition of appeal to the Jefferson Parish Personnel Board (Personnel Board) filed by Raylyn Beevers, a juvenile court secretary hired in 1981, who alleged that she had been discriminatorily reassigned to lesser clerical duties. The Personnel Board overruled Juvenile Court's motion to dismiss. It characterized Mrs. Beevers as a civil service employee under Ordinance No. 16331, and assumed jurisdiction over her petition of appeal. Juvenile Court sought and was granted a writ of review in this court. The case was docketed for appeal to review the constitutionality of Ordinance No. 16331 and the jurisdiction of the Personnel Board to entertain Mrs. Beevers' petition of appeal.
In December 1988 Mrs. Beevers resigned from her job; the Personnel Board dismissed her petition of appeal. By motion in this court Juvenile Court suggested that a justiciable controversy continued to exist over the constitutionality of Ordinance No. 16331 and its application to certain juvenile court employees. This court agreed; it found the appeal moot as to Mrs. Beevers, but ordered that the Personnel Director be joined as an indispensable party-appellee and instructed that the case proceed in that posture.
Personnel Director's writs to the Louisiana Supreme Court on the issue of joinder were denied. Personnel Director then filed peremptory exceptions of no right of action and failure to join indispensable parties in this court. LSA-C.C.P. art. 2163.

ISSUES
Jurisdiction over this appeal, which arose as a request for supervisory relief from an interlocutory judgment of an administrative agency, is founded on LSA-Const. Art. 5, § 10(A). The issues raised by the parties are: (1) whether Juvenile Court has a right of action to challenge the constitutionality of Ordinance No. 16331; (2) whether nine juvenile court employees hired between 1974 and 1985 are indispensable parties to the suit; (3) whether Ordinance No. 16331 is unconstitutional.
A decision on the procedural challenges ordinarily pretermits a review of the substantive issues. Here an examination of the constitutional challenge is a necessary basis for the rulings on the exceptions.

I
Ordinance No. 16331, effective February 16, 1985, preserves the status of those court employees who have vested in the parish civil service system or who have attained classified status. It exempts future employees from participation in the system. Juvenile Court contends that the ordinance is unconstitutional because it directly conflicts with the 1974 Louisiana Constitution which excludes court employees from parish civil service. By a strict reading of the ordinance, we find that it does not violate the present Constitution.
Under the Louisiana Constitution of 1921, employees of "courts of record" were designated as "unclassified" employees. LSA-Const. of 1921, Art. 14, § 15(G)(a). Parish governments were empowered to include these employees in their civil service system. LSA-Const. of 1921, Art. 14, § 15(G)(d). Jefferson Parish Ordinance No. 10216, enacted June 14, 1971, included *1320 juvenile court employees within the parish civil service system.
The Louisiana Constitution of 1974 effected a significant change in the status of juvenile court employees. LSA-Const. Art. 10, § 2(B) provides:
"(B) Unclassified Service. The unclassified service shall include the following officers and employees in the state and city civil service:
* * * * * *
(10) employees, deputies, and officers of the legislature and of the offices of the governor, lieutenant governor, attorney general, each mayor and city attorney, of police juries, school boards, assessors, and of all offices provided for in Article V of this constitution except the offices of clerk of the municipal and traffic courts in New Orleans * * *."
The juvenile court is included in LSA-Const. Art. 5. See LSA-Const. Art. 5, §§ 18 and 19. Jefferson Parish Juvenile Court employees were therefore again alloted to the "unclassified" service.
LSA-Const. Art. 10, § 15 continued to allow the local government to include some "unclassified" employees within the parish civil service system. However, it specifically states:
"Nothing in this Part shall permit inclusion in the local civil service of officials and employees listed in Section 2 of this Article."
Juvenile Court (Section 2) employees are specifically excluded from parish civil service coverage. See LSA-Const. Art. 10, § 2 and Art. 5.
LSA-Const. Art. 14, § 9 provides:
"Upon the effective date of this constitution, all officers and employees of the state and of the cities covered hereunder who have status in the classified service shall retain said status in the position, class, and rank that they have on such date and shall thereafter be subject to and governed by the provisions of this constitution and the rules and regulations adopted under the authority hereof."
The Article therefore retains the status of juvenile court employees hired prior to its effective date. LSA-Const. Art. 14, § 18(B) provides for the repeal of existing laws that conflict with the Constitution.
The result of the enactment of the Constitution on December 31, 1974 was: (1) to repeal Ordinance No. 10216, which afforded civil service status to juvenile court employees; (2) to retain the status for those employees who had acquired it; and (3) to prohibit a local governing authority from enacting prospective legislation which affords civil service status to juvenile court employees. It is in this context that the present dispute arose.
Ordinance No. 16331 provides:
"Section I. That Ordinance No. 10216, Sec. 23-25 of the Code of Ordinances of Jefferson Parish be and the same is hereby repealed.
"Section II. That, notwithstanding the provisions of Sec. I of this ordinance, all employees of the Juvenile Court who presently are vested in the Parish civil service system and/or have acquired a classified status shall remain so vested and retain such status with all accompanying rights thereto; that all employees of the Juvenile Court who presently are not vested in the system nor acquired a classified status and all future employees shall be excluded from the Parish civil service system."
As written the ordinance does not conflict with, but rather reiterates the dictate of the present Constitution. Section I formally repeals Ordinance No. 10216. Section II excludes future juvenile court employees from parish civil service, but retains the civil service and/or classified status and accompanying rights of those employees who have attained them. As we read the ordinance, it preserves the civil service classification of court employees who have vested, not prior to the effective date of the ordinance, February 16, 1985, but prior to the effective date of the present Constitution, *1321 December 31, 1974. We therefore find no conflict between the ordinance as written and the Louisiana Constitution of 1974 which would oblige us to declare Ordinance No. 16331 unconstitutional. Everhardt v. City of New Orleans, 253 La. 285, 217 So.2d 400 (1968).
Juvenile Court also challenges the application of Ordinance No. 16331 and argues that it is being unconstitutionally applied to afford civil service status to the nine court employees hired between 1974 and 1985. The 1974 Louisiana Constitution prospectively exempts juvenile court employees from civil service coverage. Therefore, employees hired after December 31, 1974 are disallowed by statute from classification in the parish civil service system.
The original plaintiff, Mrs. Beevers, and nine other employees hired between 1974 and 1985 were nevertheless afforded civil service status and any rights and benefits accruing therefrom. Their status has been perpetuated by an apparent misreading of a valid ordinance, at least for the preceding four years. Certainly these individuals cannot now be deprived of any advantages that they have received by virtue of their classification. The nine persons currently employed are vested, in a de facto sense, with parish civil service status.
Civil service status is a property right. Bell v. Dept. of Health and Human Resources, 483 So.2d 945 (La.1986). It cannot be abrogated without due process of law. Martin v. Dept. of Revenue & Taxation, 525 So.2d 268 (La.App. 1 Cir.1988). At the least this requires that the nine individuals presently employed be afforded a hearing on the extent of their current rights and their right to prospective civil service status. We decline at present to alter the classification of these nine individuals.

II
By exception of no right of action the Personnel Director contends that Juvenile Court is not a "person" and that it has no standing to sue. LSA-C.C.P. arts. 681 and 927(5). Juvenile Court responds that it, the Court, is the "real party in interest" to the litigation and that prosecution of the suit by the Juvenile Court or by the judges in their official capacities would be synonymous.
Under the inherent powers granted to the judiciary in LSA-Const. Art. 2, §§ 1 and 2, courts of this State are authorized to take all action necessary for the exercise of their function as courts. The Juvenile Court possesses the authority and the ability to act within the limits of its jurisdiction. LSA-Const. Art. 5, §§ 18 and 19; LSA-C. J.P. art. 19. This authority extends to the administration of the business of the court. Konrad v. Jefferson Parish Council, 520 So.2d 393 (La.1988). In the context of the present case it extends to ministerial functions with respect to court employees.
In Mrs. Beevers' petition of appeal to the Personnel Board Juvenile Court, the "appointing authority" was cited as the respondent. Rule 4.1, Personnel Rules, Jefferson Parish, Louisiana, October 28, 1987. As the party aggrieved by the decision of an administrative tribunal, the Personnel Board's finding of jurisdiction over the petition of appeal, Juvenile Court had the right and duty to seek review of the ruling. LSA-C.C.P. art. 2082; Rule 18(b), Rules of Appellate Procedure, Jefferson Parish Personnel Board, May, 1982. Juvenile Court is the proper party-appellant to maintain the suit. See generally LSA-C.C.P. arts. 689 and 690.
Personnel Director argues that Juvenile Court has no real or actual interest in determining the validity of Ordinance No. 16331. LSA-C.C.P. art. 681. To successfully maintain a lawsuit a party must have standing, a special or particular interest, apart from the general public, in the outcome of the controversy. League of Women Voters v. City of New Orleans, 381 So.2d 441 (La.1980). Juvenile Court's interest was and is in obtaining a determination of the constitutional limits of the *1322 Personnel Director's jurisdiction over certain court employees. The interest is clarified when it is examined in terms of the probable or future harm to which Juvenile Court remains exposed. La. Hotel-Motel v. Parish of East Baton Rouge, 385 So.2d 1193 (La.1980). It is appropriate that Juvenile Court determine whether the Personnel Board may continue to exercise jurisdiction over post-1974 court employees. See generally LSA-Const. Art. 6, § 25. The element of "controversy", while not strictly required, is nevertheless present. Compare U.S. Const. Art. 3, § 2 and LSA-Const. Art. 1, § 22. The Personnel Board continues to regulate post-1974 court employees under the authority of Ordinance No. 16331. Juvenile Court submits that it cannot do so.
In this suit Juvenile Court functions in an administrative capacity and as a litigant, seeking adjudication of its rights. It has standing to maintain this appeal. City of Kenner v. Lawrence, 355 So.2d 268 (La. 1977), aff'd in part, rev'd in part and remanded, 365 So.2d 1301 (La.1978), on remand, 376 So.2d 564 (La.App. 4 Cir.1979). Personnel Director's exception of no right of action is overruled.

III
In an alternative exception, Personnel Director argues that the nine juvenile court employees hired between 1974 and 1985 are indispensable parties to this suit because a determination of the constitutionality of Ordinance No. 16331 may affect their status as parish civil service employees. LSA-C.C.P. art. 927(3). Juvenile Court objects to joinder, arguing that the employees cannot have acquired a vested right to civil service status under an unconstitutional ordinance.
Indispensable parties to a suit are those whose interest in the subject matter of the litigation is so interrelated and would be so directly affected by the judgment that a complete and equitable adjudication of the controversy cannot be accomplished unless they are joined in the action. LSA-C.C.P. art. 641. Parties are deemed indispensable only when it is absolutely necessary to protect substantial rights, both of the litigants, and of the absent parties whose joinder is sought. State, Dept. of Hwys. v. Lamar Adv. Co. of La., Inc., 279 So.2d 671 (La.1973). A final adjudication of the continued application of Ordinance No. 16331 necessarily determines both the status and the rights of the nine post-1974 court employees. These individuals must necessarily be present, or at least be afforded the opportunity to appear, in any suit which determines their future job classification and associated benefits. For the reasons more fully assigned in Part I of this opinion we find that the nine individuals hired by Juvenile Court between 1974 and 1985 are indispensable parties to this suit. Personnel Director's exception under LSA-C.C.P. art. 927(3) is therefore sustained.
In light of this ruling an order of remand would ordinarily be appropriate. LSA-C. C.P. art. 646. Here there is no district level tribunal; the original claim brought before the Personnel Board is moot. We therefore dismiss the appeal without prejudice to the right of Juvenile Court and/or its member judges to file a declaratory judgment action against the appropriate parties in the district court. Lechler v. City Civil Serv. Com'n Etc., 357 So.2d 41 (La.App. 4 Cir.1978).

DECREE
The exception of no right of action is overruled. The exception of failure to join indispensable parties is sustained. The appeal is dismissed without prejudice. Costs are taxed to appellant.
EXCEPTION OF NO RIGHT OF ACTION OVERRULED; EXCEPTION OF FAILURE TO JOIN INDISPENSABLE PARTIES SUSTAINED; APPEAL DISMISSED WITHOUT PREJUDICE.