GUIDRY, J.
| aJuanita Christine Paulsell, the euratrix of the interdicted plaintiff, Patricia Jolynn Paulsell-Lathrop, comes before this court to appeal a summary judgment holding her personally liable to reimburse the Louisiana Department of Health and Hospitals— Medicaid Program (DHH) for a portion of the Medicaid funds expended for medical treatment of injuries Patricia sustained in a motorcycle accident that occurred on June 13, 2005.[1]
On October 8, 2013, the DHH filed a motion seeking summary judgment in its favor to hold Ms. Paulsell personally liable pursuant to La. R.S. 46:446(B), for reimbursement of medical assistance payments paid on behalf of Patricia from June 13, 2005 through December 8, 2008, in the amount of $69,131.92. In support of the motion, the DHH attached the affidavit of Jackie Porta, who in her capacity as section chief in charge of the Medicaid Recovery Unit, attested in part that: (1) Patricia has been a Louisiana Medicaid recipient since September 1, 2005; (2) DHH was never served with Patricia’s petition for damages relative to the June 13, 2005 accident; (3) DHH was never provided with 30 days notice prior to the December 11, 2008 settlement of Patricia’s claims against the Louisiana Department of Transportation and Development (DOTD); (4) the first “notice” the DHH received of Patricia’s lawsuit, and settlement of the same, was on April 14, 2011;[2] and (5) Medicaid paid $69,131.92 in medical assistance payments on behalf |aof Patricia relative to the injuries Patricia sustained in the June 13, 2005[3] accident. Following a hearing, the trial court granted summary judgment in favor of the DHH and 'against Ms. Paul-sell, in a judgment signed January 6, 2014,[4] which Ms. Paulsell devolutively appeals herein.
*284 At issue in this appeal is the application of La. R.S. 46:446(B), which at the time of the summary judgment hearing, provided[5]:
B. Any person or his spouse, representative, or dependent who files suit for the recovery of damages or compensation as the result of an injury, illness, or death for which assistance payments of medical expenses in whole or in part have been paid by the Department of Health and Hospitals, for which the department has an obligation to pay therefor, shall at the time suit is filed cause a copy of the petition to be served on the department, in the manner prescribed by Article 1313 of the Louisiana Code of Civil Procedure. Such person filing suit shall be responsible to the department to the extent of the medical payments or assistance received, interest, and attorney fees if he fails to have service made upon the department. Such person shall also be responsible to the department if he compromises his claim without giving the department written notice at least thirty days before the compromise is affected. This written notice shall include the name and date of birth of all injured or ill recipients and the name and address of the party or parties potentially liable for damages or compensation. [Emphasis added.]
At the hearing on the DHH’s motion for summary judgment, Ms. Paulsell argued, for the first time, that there was no proof that she knew that any of | ¿Patricia’s medical treatment had been covered by medical assistance payments from Medicaid. Specifically, counsel for Ms. Paulsell presented the following argument in opposition to the DHH’s motion for summary judgment:
[T]here is no affidavit or any supporting testimony that shows that my client had any notice that there was any claim made ... by Medicaid in this case for the $69,000 at the time or even during the pendency of this case.
The truth of the matter is when — on the evening when this terrible accident happened and this child was air vac’d to Charity Hospital in New Orleans from a location in St. Tammany Parish, her mother arrived in due course and gave the people at Charity Hospital her insurance information. In fact, this — you know, there was evidence at trial, this loss was covered by insurance by Huma-na.
There’s no — at no time to my [client’s] recollection, and we have seen nothing from the State, was there any bill ever sent to her by Medicaid saying, oh, by the way, you know, somehow in this — in the midst of all this, you know, we paid for $69,000 and some change, you know, of medical benefits to you. Throughout the course of this case, you know, my client was not on notice that there was anything owed to Medicaid at any time *285 through the settlement of this case on December 8th of 2008. The point being that they’re claiming, you know, well, you should have, you know, served us with a petition.
We had no idea that the money was owed, and they have not today in support of their motion provided any affidavits or any testimony or any evidence that shows that my client was on notice that Medicaid had paid this. In fact, my client is aware that Humana paid a lot of money to Charity Hospital for the coverage of the medical treatment to her daughter. She is aware of that, and that’s a fact. But the State has shown nothing as far as notice to my client,[6] and that’s what their statutory rights are based upon.
The trial court found that La. R.S. 46:446 does not contain any provision placing a burden on the DHH to give or prove notice of the receipt of medical assistance payments made by the DHH. Rather, the trial court found that the DHH had to receive La. C.C.P. art. 1313 service of the lawsuit and that any claim could not be settled without notifying the DHH. Therefore, under the plain language of |sthe statute and finding no genuine issue of fact, the trial court granted summary judgment in favor of the DHH awarding it reimbursement of the Medicaid payments made. We agree.
Louisiana Revised Statute 46:446(B) simply provides that the DHH must be formally served, at the time suit is filed, with the petition filed relative to injuries for which the DHH paid all or a portion of the medical expenses and that the DHH must be given 30-days written notice prior to the finalization of a settlement of a claim for injuries for which the DHH paid all or a portion of the medical expenses. Thus, under the plain wording of the statute, all the DHH had to prove is: (1) medical assistance payments were made by the DHH for injuries for which a suit for damages was filed and/or for which a claim was compromised; and (2) the DHH did not receive formal service of the petition for the suit and/or the DHH did not receive 30-days written notice prior to compromise of the claim. As it is undisputed that both the conditions required by La. R.S. 46:446(B) were clearly established, we find the trial court properly granted summary judgment in favor of the DHH.[7]
*286 I «CONCLUSION
' Having found no genuine issue of material fact and that the DHH is clearly entitled to judgment as a matter of law, we affirm. All costs of these proceedings are cast to the appellant, Juanita Christine Paulsell.
AFFIRMED.

. For a more detailed history of this case, see Paulsell v. State, Department of Transportation and Development, 12-0396 (La.App. 1st Cir.12/28/12), 112 So.3d 856, writ denied, 13-0274 (La.3/15/13), 109 So.3d 386 and Paulsell v. State, Department of Transportation and Development, 13-2117 (La.App. 1st Cir.7/30/14), 152 So.3d 963, writs denied, 14-1843, 14-1844 (La.12/8/14), 153 So.3d 441.

. In the affidavit, Ms. Porta states that the notice was provided via an email from Weldon Hill, II, an attorney supervisor with the DHH, to Carrie Couvillion. She then cites to an attached document labeled as DHH-Exhibit 4. Exhibit 4, however, shows that an email was sent from Susan Couvillion, a supervisor with the Louisiana Office of Risk Management (ORM), to Mr. Hill at 12:46 p.m. on April 14, 2011, wherein Ms. Couvillion advised Mr. Hill of Patricia’s lawsuit and the consent judgment. Following Ms. Couvil-lion’s email to Mr. Hill is an email from Mr. Hill to Carrie Couvillion instructing her to “set up a case” on the matter, which was sent at 2:35 p.m. on April 14, 2011.

. Ms. Paulsell filed a cross motion, seeking a summary judgment holding that the DHH was not entitled to reimbursement, which was denied by the trial court in a judgment signed January 13, 2014.

. Pursuant to a rule to show cause from this Court and a joint motion of the parties, the trial court signed a supplemental and amend *284 ing judgment on September 2, 2014, to designate the January 6, 2014 judgment as a final, appealable judgment pursuant to La. C.C.P. art. 1915(B)(1). In the supplemental judgment, the trial court determined that the past medicals claim asserted by the DHH against Ms. Paulsell was the only claim the DHH had asserted against her and that the claim would not have to be litigated again between them or any other party. We agree and therefore find that the trial court did not abuse its discretion in designating the judgment as final. See RJ. Messinger, Inc. v. Rosenblum, 04-1664, pp. 13-14 (La.3/2/05), 894 So.2d 1113, 1122-23.

. Louisiana Revised Statutes 46:446 was amended by 2014 La. Acts, No. 824, § 1 to add a definitions section to the statute. In so doing, the paragraphs in the statute were re-lettered so that the provisions of Section 446(B), with some rewording, are now contained in Section 446(C).

. At the hearing, the trial court made the observation that the DHH "probably would have” offered evidence to establish Ms. Paul-sell's knowledge of the Medicaid payments if the issue had been raised prior to the day of the hearing. In her brief in opposition to the DHH’s motion for summary judgment, Ms. Paulsell primarily argued that the DOTD, as an agency of the State of Louisiana, was not a “third party” from which the DHH, also an agency of the state, could seek reimbursement pursuant to La. R.S. 46:446(A). At the time of the hearing in this matter, however, the trial court had rendered a prior summary judgment rejecting this assertion by Ms. Paul-sell, and review of that summary judgment was pending on appeal before this court. See Paulsell, 13-2117, 152 So.3d 963.

. We acknowledge that implicit in the recovery authorized by La. R.S. 46:446(B) is the presumption of some act committed by the recipient or her representative to incur the obligation referenced in the statute. See La. R.S. 46:153(E) and (H). Nevertheless, because La. R.S. 46:446(B) renders a person liable "to the extent of the medical payments or assistance received, interest, and attorney fees” for failure to provide formal service of a petition and/or written notice of the compromise of a claim in accordance with the statute, it is penal in nature. Penal statutes must be strictly construed. Oubre v. Louisiana Citizens Fair Plan, 11-0097, p. 12 (La.12/16/11), 79 So.3d 987, 997, cert. denied, - U.S. -, 133 S.Ct. 30, 183 L.Ed.2d 677 (2012). As such, although it seems reasonable to focus beyond the provision to interpret the duty imposed by La. R.S. 46:446(B), we must ad *286 here to a proper statutory construction of this penal statute, which requires that we focus strictly on the relevant statutory language at issue. See Oubre, 11-0097 at pp. 14-15, 79 So.3d at 999 (wherein the court held that being "[c]onstrained as we are to a strict construction of the plain language of the statutory provisions,” the court conformed its interpretation of the relevant penal statute to the Third Circuit’s interpretation, which limited its focus “strictly to the relevant statutory language,” rather than the Fifth Circuit’s interpretation, which expanded its focus “beyond the relevant penalty provision”).