laCANNELLA, Judge.
Defendant, the Municipal Fire and Police Civil Service Board (the Board), appeals from a judgment rendered in favor of plaintiffs, the City of Kenner Fire Department and the City of Kenner (the Fire Department), in which the trial court found that the Board did not have jurisdiction over a contro *461 versy involving a fire fighter’s pay when he was assigned the task of driving the Fire Department’s emergency vehicle (R389). For the reasons which follow, we reverse the trial court.
This appeal arises out of the complaint of a fire fighter, Robert Killian, (Killian),that he was required to drive R389 on several occasions, but was not compensated at the rate of a “fire driver” as required by law. On July 27,1995, he filed a request for a hearing with the Board to investigate whether he was denied compensation that he was due. On October 2, 1995, the Board held a public hearing on Killian’s complaint and found that 1) Killian had been assigned to drive R389 on May 8, 20 and 29 and on June 16, 1995, 2) Killian held the permanent position of fire fighter, but was assigned to the position of fire driver onjjthose dates, and 3) he did not receive fire driver pay for those days of work. The chief of the Fire Department issued a policy change effective July 1, 1995 that all fire fighters assigned as acting fire drivers of R389 would receive fire driver pay. La R.S. 33:2496(b) provides that any person temporarily assigned to a different position than the one he holds shall receive the rate of pay for that position. Thus, the Board concluded that the appointing authority did not act in good faith in withholding fire driver pay from the fire fighters who were working as fire drivers in driving R389 between May and June of 1995. The Board ordered the Fire Department to pay to those drivers the difference between fire fighter and fire driver pay, retroactively and with interest.
On October 17, 1995, the Fire Department filed a petition for judicial review of the Board’s decision. The Fire Department challenged the Board’s jurisdiction to conduct an investigation and the Board’s determination that all fire fighters driving the R389 should receive fire driver pay together with interest on the retroactive pay. After briefs were submitted, the trial court rendered judgment dated July 8, 1996 vacating the decision by the Board. It is from this judgment that the appeal has been taken.
On appeal the Board argues that the trial court erred in finding that the Board did not have jurisdiction to investigate the matter and in vacating the award of retroactive pay plus interest thereon to the fire fighters that were assigned the job of fire driver of R389 during the months of May and June, 1995.
The pertinent constitutional provisions necessary for a resolution of this case are contained in Article X of the Louisiana Constitution of 1974. Article X, section 10(A)(1) grants broad rule-making and investigative powers for the administration and regulation of the classified service to the Civil Service Commission. Section 10(A)(1) of Article X provides:
Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the 14power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety. (Emphasis added.)
Section 10(B) empowers the commission with investigatory powers and provides:
Each commission may investigate violations of this Part and the rules, statutes, or ordinances adopted pursuant hereto.
Article 10, Section 16 of the 1974 Constitution specifically provides for a civil service system to be applicable to policemen and firemen. It provides:
A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all par *462 ishes and fire protection districts operating a regularly paid fire department.[1]
It is further provided in the Constitution that the system of appointments and promotions in the municipal fire and police civil service be made based on “merit, efficiency, fitness, and length of service-” La. Const. Art. 10, § 17.
Within the Constitutional grant of power, the duties of the fire and police civil service board are provided by statute in La. R.S. 33:2477 which provides in pertinent part:
The Board shall:
|6(1) Represent the public interest in matters of personnel administration in the fire and police services of the said municipal government.
(2) Advise and assist the governing body, mayor, commissioner of public safety, and the chiefs of the fire and police departments of the municipality, with reference to the maintenance and improvement of personnel standards and administration in the fire and police services, and the classified system.
(3) Advise and assist the employees in the classified service with reference to the maintenance, improvement, and administration of personnel matters related to any individual or group of employees.
(4) Make, at the direction of the mayor, commissioner of public safety, chief of either the fire or police department, or upon the written petition of any citizen for just cause, or upon its own motion, any investigation concerning the administration of personnel or the compliance with the provisions of this Part in the said municipal fire and police services; review, and modify or set aside upon its own motion, any of its actions; take any other action which it determines to be desirable or necessary in the public interest, or to carry out effectively the provisions and purposes of this Part.
******
(7) Make, alter, amend, and promulgate rules necessary to carry out effectively the provisions of this Part.
(8) Adopt and maintain a classification plan. The classification plan shall be adopted and maintained by rules of the board. (Emphasis added.)
Finally, pertinent to our inquiry here, La. R.S. 33:2496 addresses how temporary appointments are to be made and provides that “Mny person employed on a substitute basis shall, for the duration of the temporary employment, enjoy the class title and be entitled [to] receive the rate of pay for the class and position in which he is employed.” And La. R.S. 33:1967 provides in pertinent part that “every fire fighting apparatus shall be operated by a member of the department holding the rank of engineer or fire driver ...”
Thus the question presented here is whether the Board has jurisdiction to investigate a complaint by a fire fighter, who was assigned the duties of a fire 16driver, but did not receive the pay commensurate with the position. We find that the investigation of such a matter is clearly within the jurisdiction of the Board.
Killian alleged in his complaint that the appointing authority was in violation of statutory provisions by assigning him temporarily to a position of a higher class, but not giving him the pay designated for that position. He also contended that the appointing authority’s actions in changing the policy effective July 1,1995, to allow the higher pay thereafter, was discriminatory to him and the other fire fighters who had been assigned to drive R389 in May and June of 1995. The Board had jurisdiction to investigate these matters under the Constitutional grant of power, vesting the Board with general rulemaking and subpoena powers regarding compensation and disbursements to employees as well as other personnel matters, the power to accomplish the purposes and objectives of the merit system of civil service and the power to investigate violations of their rules and statutes. La. Const. Article 10, §§ 10(A) & (B), 16, & 17.
Within this broad constitutional grant of powers, the Board’s authority to investigate such matters is further set out in the statutory declination of duties, La. R.S. 33:2477. It *463 represents the public interest in personnel administration matters, advises the fire chief and employees concerning personnel administration and carries out investigations concerning the administration of personnel. La. R.S. 38:2477(1),(2),(3) & (4). To the extent that the trial court ruling is contrary to our determination herein, regarding the Board’s jurisdiction to investigate the fire fighter’s complaint, it is expressly reversed.
Next, we must consider whether the trial court erred in vacating the corrective action ordered by the Board.
The Fire Department argues that the Board erred in awarding the retroactive pay and interest because, in fact, the fire fighters driving R389 are not performing the job of a fire driver and, therefore, are not due any extra pay. The Fire Department presents detailed argument concerning the nature of R389, the ^equipment it contains and how it is used. The Fire Department contends that R389 is not a “fire apparatus” as described in La.- R.S. 33:1967 and therefore, the person who drives R389 is not doing the job of a fire driver.
Whatever merit the Fire Department may have to its argument cannot, unfortunately, be ascertained in the case before us. Nor could it be ascertained by the trial court in this case, because there is no recorded transcript of the hearing that took place before the Board. Rather, the case was submitted, as allowed by statute (La. R.S. 33:2501(E)(2)), on the written findings of fact by the Board. The Board found, as a matter of fact, that Killian held the position of fire fighter but was assigned to be an acting fire driver on the days he drove R389. There is nothing in the record to contradict this finding. The determination on appeal of these matters is confined to whether the decision made by the Board was made in good faith, for cause. La. R.S. 33:2501(E)(3). Therefore, with no record evidence to dispute the factual findings of the Board, we find that the trial court erred in vacating the Board’s decision.
Accordingly, for the reasons set out above, we reverse the judgment of the trial court dated July 8, 1996 which vacated and declared null the October 2, 1995 Board decision. Costs of appeal are assessed against the Fire Department.

REVERSED.

. It has been conceded that the population of the City of Kenner exceeds thirteen thousand people.