TATE, Justice.
The principal issue before us is whether a civil service board has standing to invoke judicial review, independent of an aggrieved employee’s loss of his own appellate rights through untimely filing of an appeal bond.
Police Officer Lawrence was dismissed by the City of Kenner on allegations of conduct unbecoming an officer. Lawrence appealed his dismissal to the municipal fire and police civil service commission, which ordered his reinstatement. The City sought judicial review of the board’s order. The district court ultimately set aside the ruling of the board and reinstated the dismissal of Officer Lawrence by the City.
Lawrence and the civil service commission appealed this judicial reversal of the board’s order to the employing city to reinstate the policeman. Lawrence failed to file his bond timely, so his appeal was dismissed. 355 So.2d 268 (La.App. 4th Cir. 1977).
The intermediate court further dismissed the civil service commission’s appeal, however. It held that it had “acted in its quasi-judicial capacity and as such it has no right of appeal”, 355 So.2d 268 at 269, when the aggrieved employee had failed to perfect his own appeal timely.
We granted certiorari, 357 So.2d 1154 (La.1978), primarily to review this holding.
We find no error in the intermediate court’s dismissal of Lawrence’s appeal in his individual interest, since he did not file timely the devolutive appeal bond then required.
However, the commission itself, as a governmental agency exercising public power and functions is exempted by statute from the requirement of furnishing an appeal bond. La.R.S. 13:4581 (1960). Its appeal, therefore, is timely.
We find no authority for the intermediate court’s holding that the timely-taken appeal by the commission must be dismissed, allegedly because it has no standing independent of the aggrieved employee to challenge the ruling of the trial court.
*1303 La.R.S. 33:2477 (1950) provides that the civil service board shall: “(1) Represent the public interest in matters of personnel administration in the fire and police services of the said municipal government.” Further, La.R.S. 33:2506 (1950) states: “If this Part, or its enforcement by the board is called into question in any judicial proceeding, or if any person fails or refuses to comply with the lawful orders or directions of the board, the board may call upon the attorney general, or the chief legal officer of the municipality, or may employ independent counsel to represent it in sustaining this Part [i. e., the civil service statute] and enforcing it.”
The legislative intent reflected is that the board has the independent right to seek judicial enforcement of its actions, regardless of whether the employing agency or the employee desires or is able to do so. See rulings to same effect, with regard to the state civil service commission’s authority to litigate concerning its rulings, La.R.S. 13:3417 (1962): Smith v. Division of Administration, 362 So.2d 1101 (La.1978) (affirming 358 So.2d 1291 (La.App. 1st Cir. 1978) on this procedural point; Cross v. Delgado Junior College, 331 So.2d 599 (La.App. 1st Cir. 1976)).
The present civil service commission’s interest in this case is not limited solely to the protection of Officer Lawrence’s interest in his job. The commission is also concerned with the maintenance of a cohesive personnel policy and the ability of the commission to oversee the hiring and firing of employees in the best interest of the public.
Here, for instance, the merits of the appeal concern the legally required burden of proof or showing required of the appointing authority to discharge a probationary employee. Reversing the board’s ruling, the district court held that the appointing authority need show only that the employee was afforded a fair opportunity to show he was policeman material, but that otherwise the appointing authority had absolute discretion to terminate the employment of such an employee.
The district court’s ruling may well have been correct. However, the civil service commission’s interest in securing a judicial determination on its merits of this issue of general concern to civil service administration transcends any private or individual interest of Officer Lawrence. The latter’s failure to appeal timely or his acquiescence in the judicial reversal of the commission does not deprive the civil service commission of its legal right and interest to secure a judicial determination of this issue. See Smith v. Division of Administration, cited above.
If the civil service board should prevail, the vindication of its position in the administration of the civil service statute may incidentally benefit Officer Lawrence by securing his reinstatement as a probationary employee.[1] Nevertheless, that effect does not deprive the board of its legal right and interest to secure full judicial review of an adverse court ruling with regard to its conduct of civil service hearings.
Accordingly, although we affirm the intermediate court’s dismissal of the appeal of Officer Lawrence individually, we reverse its dismissal of the civil service commission, and we remand these proceedings to the intermediate court for its determination of the commission’s appeal on its merits.
COURT OF APPEAL DECISION AFFIRMED IN PART, REVERSED IN PART; COMMISSION’S APPEAL REINSTATED, AND CASE REMANDED TO THE INTERMEDIATE COURT.
SUMMERS, J., dissents.

. We pretermit discussion of whether Lawrence’s failure to appeal timely might be interpreted as having the effect of making the effective date of reinstatement ordered, if any, to be that of the date of finality of any judgment of reinstatement obtained by the civil service commission rather than that of the date of Lawrence’s initial discharge.