IüGOTHARD, Judge.
Plaintiffs, the City of Kenner Fire Department and the City of Kenner (hereinafter collectively referred to as the “Fire Department”), appeal a judgment of the trial, court *1115 which upholds a decision of the Municipal Fire and Police Civil Service Board of the City of Kenner (Board) accepting jurisdiction over a complaint brought against the Fire Department by Michael Voltolina, an employee of the Fire Department, and pretermitting a decision on the merits of the claim. We affirm.
The issue presented by this appeal is whether the Board has jurisdiction to investigate a complaint by a Kenner firefighter that he was unjustly deprived of vacation time as a result of missing work due to a off-duty injury.
1-¡This appeal arises out of the complaint of a Kenner firefighter, Michael Voltolina, that he lost a vacation day because of a misapplication, by his supervisor, of the Fire Department’s vaeation/sick leave policy. Mr. Volto-lina fell and broke his foot while at home in December, 1995 and was placed on sick leave. His convalescence at home encompassed two days in early January, 1996 which were previously scheduled as vacation days. Mr. Voltolina was released by his doctor to return to work on January 11,1996. However, Mr. Voltolina did not return to work on that date because his supervisor allowed a substitution of January 11th for one of the vacation days missed earlier in the month. When Mr. Voltolina attempted to re-schedule the second vacation day which coincided with his sick leave, he was told that the first day had been re-scheduled in error and he was ordered to return to work.
Mr. Voltolina filed a complaint with the Board alleging that he was wrongfully required to work on a vacation day and deserved overtime compensation.[1] At the hearing on the merits of the complaint held on April 22,1996, the Fire Department excepted to the subject matter jurisdiction of the Board. The exception was overruled and the Board pretermitted a decision on the matter,
until Mr. Voltolina has gone through and received the final response from the grievance procedure (of the City of Kenner) in writing and hope that this can be accomplished in 30 days with the full cooperation of the Chief of the Fire Department and Mayor, should it be necessary. This matter will be put back on our June docket after we see the results of the grievance procedure.
On May 22, 1996, the Fire Department filed a Petition for Judicial Review in the District Court. On January 23, 1997, the matter was submitted on briefs and the record of the Board’s proceedings were made a part of the District Court record. |4On Feb-, ruary 7, 1997 the trial court rendered a judgment affirming the Board’s ruling. A timely appeal to this Court was taken by the Fire Department.
The Fire Department does not argue the propriety of the Board’s decision to pretermit a ruling on the merits pending action by the City in accordance with the grievance committee and that issue will not be discussed in this opinion. The Fire Department raises the issue of the jurisdiction of the Board. In brief to this Court, the Fire Department argues that Mr. Voltolina’s complaint concerns an administrative decision of the Fire Department over which the Board has no jurisdiction. The Fire Department maintains that the jurisdictional grant conferred on the Board is limited to rulings of the Fire Department which are disciplinary in nature. Our review of the pertinent law brings us to a different conclusion.
This Court has considered the jurisdiction of the Board recently in City of Kenner Fire Department and the City of Kenner v. The Municipal Fire and Police Civil Service Board, 96-747 (La.App. 5 Cir. 4/9/97), 694 So.2d 460. In that ease, which involved the same parties, the Board was asked by a Kenner firefighter to investigate his complaint that he was inadequately compensated for driving the Fire Department’s newly acquired emergency vehicle. In that case, as in the instant matter, the decisions of the Fire Department which formed the basis of the complaint were administrative, rather than disciplinary, in nature. This Court reviewed the jurisdictional grant and concluded *1116 that the Board had subject matter jurisdiction to hear the firefighter’s complaint. We believe the same reasoning used in the prior case brought before this Court is applicable in the instant case.
Article X, Section 10(A)(1) of the Louisiana Constitution of 1974 grants broad rule-making and investigative powers to the Civil Service Commission for the administration and regulation of the classified service. It provides:
REach commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety.
Because the City of Kenner exceeds thirteen thousand in population, a system of classified fire and police civil service was established in accordance with Article X, Section 16 of the 1974 Constitution. The duties of the Board are set out by statute in LSA-R.S. 33:2477 which provides:
The Board shall:
(1) Represent the public interest in matters of personnel administration in the fire and police services of the said municipal government. '
(2) Advise and assist the governing body, mayor, commissioner of public safety, and the chiefs of the fire and police departments of the municipality, with reference to the maintenance and improvement of personnel standards and administration in the fire and police services, and the classified system.
(3)Advise and assist the employees in the classified service with reference to the maintenance, improvement, and administration of personnel matters related to any individual or group of employees.
(If) Make, at the direction of the mayor, commissioner of public safety, chief of either the fire or police department, or upon the written petition of any citizen for just cause, or upon its own motion, any investigation concerning the administration of personnel or the compliance until the provisions of this Part in the said municipal fire and police services; review, and modify or set aside upon its own motion, any of its ■[ ^actions; take any other action which it determines to be desirable or necessary in the public interest, or to carry out effectively the provisions _and purposes of this Part.
(5) Conduct investigations and pass upon complaints by or against any officer or employee in the classified service for the purpose of demotion, reduction in position or abolition thereof, suspension or dismissal of the officer or employee, in accordance with the provisions of this Part.
(7) Make, alter, amend', and promulgate rules necessary to carry out effectively the provisions of this Part.
(8) Adopt and maintain a classification plan. The classification plan shall be adopted and maintained by rules of the board. (Emphasis added)
We find that the statutory duties highlighted above, read in conjunction with the applicable constitutional provisions, illustrate a broad grant of power by the Louisiana Constitution and the State Legislature which would include an inquiry into the propriety of the Fire Department’s policy with regard to vacation and sick leave compensation as presented by the firefighter in question. Consequently, we affirm the trial court’s judgment.
AFFIRMED.

. Mr. Voltolina also filed a complaint of discrimination regarding a transfer to a new platoon which is not at issue in this appeal.