I «KUHN, J.
Jerry T. La Grange, a fire captain employed by the Fire Protection District No. 4 (“the Fire District”), filed this suit against the Fire District, seeking a judgment declaring that he is entitled to receive an adjustment in pay. La Grange ultimately seeks to have his rate of pay increased to the amount received by anoth *42 er fire captain, Jackie Chauffe, who enjoys less seniority than him both as a fire suppression employee and also as a fire captain. La Grange’s suit is based on La. R.S. 33:1969, which mandates equal compensation for “equal performance of duty and responsibility.”[1] The trial court denied La Grange’s request for relief by signing a judgment that dismissed his. claims with prejudice. La Grange appeals. For the following reasons, we reverse the trial court’s judgment and render judgment.
FACTUAL AND PROCEDURAL BACKGROUND
Counsel for both parties agree there are no disputed facts and stipulated to- the following facts:
[La Grange] has been employed as a fire suppression employee with [the Fire District] since 1979. On February 17, -1998, he was promoted to the position of Fire Captain.... The District compensates one other Captain,- [Chauffe], who enjoys less seniority, at rates higher than [La Grange]. [Chauffe] performs duties and responsibilities of equal status to that performed by [La Grange.] [Chauffe] receives a higher rate of pay primarily because of a 1998 pay raise implemented in the Fire Operator class. Upon his promotion to Fire Captain (after [La Grange’s] 1998 promotional date) [Chauffe] received the same percent pay raise. [Chauffe’s] base operator’s pay was higher, prior to promotion than that of [La Grange], hence his captains (sic) pay became higher than [La Grange]. After [La Grange’s] promotion the remaining fire suppression employees that 'were of [La Grange’s] previous job [..¡classification of operator received a pay increase. They were Mr. Elden Or-dogne, Mr. Mark Frosch and [Chauffe]. Mr. Ordogne. and Mr. Frosch have retired due to disabilities. However, [Chauffe]. has since been promoted to Captain, the same rank as [La Grange]. Because the promotion to Captain comes with a pay raise, which raise is determined as a percentage of the employee’s previous salary, ... [Chauffe] receives a higher hourly wage than does [La Grange]. • ■
'The parties further stipulated that: 1) the Fire District paid La Grange at a salary level published in a “uniform pay plan” adopted by the Wage and Salary Committee of the Fire District’s Board of Commissioners, and 2) such pay has at all times exceeded the statutory minimum salary level for fire captains established under La. R.S. 33:1992.
Through his deposition testimony, Chief Gorrondona represented that he was the most knowledgeable representative of the Fire District regarding matters relating to pay and the salaries of the firefighters. He explained that all pay rates were set by the Board of Commissioners of the Fire District in accordance with a pay scale and recommendations made by the Wage and Salary Committee.
Chief Gorrondona testified that Chauffe’s hire date was February 15, 1982, and he was promoted to the position of Fire Captain during early or mid-February 2001. When he was promoted, his salary was raised to an hourly wage of $13.01, and he received á two-percent scale raise on his anniversary date of February 15.[2] As of the July 24, 2001 deposition, La *43 Grange was earning an hourly wage of $12.75, and he was scheduled to receive a raise to $13.01 upon his anniversary date of November 14, 2001. Chief Gorrondona acknowledged that Chauffe’s 2001 promotion placed him one pay scale higher than La Grange, and he earns ^[^approximately 25 to 50 cents more per hour than La Grange.[3] Chief Gorrondona explained that this pay disparity resulted from the 1999 adjustment to the operator’s pay scale, which resulted in a two-percent increase throughout the operator’s classification. La Grange had been promoted to the position of captain prior to this adjustment, and the captain’s pay scale was not similarly adjusted. On the other hand, Chauffe received the benefit of this adjustment prior to being promoted to the rank of captain. And under the provisions of the pay plan, because an employee is guaranteed a ten-percent increase in pay upon being promoted from the position of operator to captain, Chauffe’s pay increased beyond that of La Grange’s when he was promoted.
Regarding the duties of the captains, Chief Gorrondona testified that all captains perform equal duties but they all have different pay rates due to differences in their promotion dates and departmental seniority. Chief Gorrondona confirmed that La Grange was senior in grade since he was promoted to the position of Captain before Chauffe and he was senior in number of total years with the department. He explained the sole reason for the pay differential between the captains was the pay adjustment in the operator classification; he stated that Chauffe and La Grange were “performing an equal job.” When asked why La Grange’s pay had not been adjusted to reconcile the disparity, Chief Gorrondona stated that some of the commissioners of the Fire District’s board believed it would be arbitrary to adjust only La Grange’s pay without raising the pay throughout the classification of captain.
j ¡¡When La Grange filed a grievance regarding the pay disparity, the Wage and Salary Committee of the Board of Commissioners responded as follows:
[La Grange] has received the same treatment as any other employee that has been promoted to the rank of Fire Captain. Legal consul [sic] has advised us that his treatment is consistent with State Law. We do not feel that [La Grange] is entitled to any rate adjustment.
La Grange then filed this suit for declaratory judgment. The parties stipulated that the trial court would decide the matter based upon briefs, certain stipulated facts, and the deposition of Fire Chief Earl Gorrondona. In the proceedings below, the Fire District argued that the trial court had no jurisdiction to act because La Grange had not appealed his wage grievance to the Fire and Police Civil Service Board (“the Civil Service Board”). It appears that after this challenge was made, La Grange then appealed his wage grievance to the Civil Service Board. The parties ultimately stipulated that the Civil Service Board declined to take action.
In reasons for judgment, the trial court stated that because the matter had been appealed to the Civil Service Board, which declined to take action, it presumed that “the administrative remedies were pursued and exhausted by [La Grange].” Addressing the merits of La Grange’s claim, the court noted that its “sympathies lie with *44 [La Grange]” and that the Civil Service Board “could legally adjust [La Grange’s pay],” recognizing that “claimant has been with the department for 3 years longer than Captain Chauffe, and has been a captain for 3 years longer than Captain Chauffe.” However, the court ultimately determined that it could not mandate that the Civil Service Board adjust Chauffe’s pay. The court stated that the state law mandate of equal pay does not mean that “employees in each classification must be paid, equally,” reasoning that “equally does not mean that Levery employee receives the same exact amount. It means that a fair and uniform pay schedule is adhered to.” The court found that the applicable statutory provisions governing “equal pay” and “minimum pay” for the Fire District employees, La. R.S. 33:1969 and La. R.S. 33:1992, were satisfied by the actions of the Fire District’s Board of Commissioners and the Civil Service Board in implementing the Fire District’s uniform pay schedule. La Grange appeals the trial court’s judgment, alleging the court erred in concluding that he was not entitled to a pay adjustment based on the mandate of La. R.S. 33:1969.
I. ANALYSIS
A. Jurisdiction
On appeal, the Fire District continues to challenge the jurisdiction of the trial court. The Fire District urges that La. Const. Art 10, § 10 grants exclusive jurisdiction of employment-related disputes to civil service boards. As authority, the Fire District cites two cases that involved the State Civil Service Commissions.[4] But the Fire District overlooks the fact that the Fire and Police Civil Service system and the State and City Civil Service systems are set up independently of one another and have different scopes of power.
Louisiana Constitution Article 10, § 1 establishes the State and City Civil Service systems. Louisiana Constitution Article 10, § 8 addresses the types of actions that can be appealed by classified employees within those systems. And La. Const. Art. 10, § 10(A)(1) establishes that the State and City Civil Service systems are vested with “broad and general rule-making and subpoena powers for |7the administration and regulation of the classified service, including the power to ... adopt a uniform pay and classification plan .... ” Pursuant to this constitutional provision, the State Civil Service system has been held to exercise exclusive jurisdiction in the first instance over classified civil service employer-employee disputes that are employment related. Akins v. Housing Authority of New Orleans, 03-1086, p. 1 (La.App. 4th Cir.9/10/03), 856 So.2d 1220. This court’s rationale to support that conclusion is set forth in Strickland v. State, Through Office of the Governor, 525 So.2d 740, 743 (La.App. 1st Cir.), appeal dismissed, 534 So.2d 956 (La.1988):
[I]n granting “general rule-making” authority to the Commission “including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; ... and generally to accomplish the objectives and purposes of the merit system of civil service as herein established,” and in providing *45 that the “[r]ules adopted ... shall have the effect of law,” article X of the constitution evidences an intention to grant exclusive jurisdiction to the Commission in those areas where the Commission has exercised its “broad and general rale-making” power.
(Emphasis added).
The general thrust of the exclusive jurisdictional grant is to preclude district courts from having concurrent jurisdiction with the civil service commission over classified civil service employer-employee disputes that are essentially employment-related. Akins v. Housing Authority of New Orleans, 03-1086, p. 2, 856 So.2d at 1221.
| ¡¿With respect to the Fire and Police Civil Service, however, there are no constitutional provisions establishing an exclusive jurisdictional grant over disputes involving employee pay. Louisiana Constitution Article 10, § 16 establishes the fire and police civil service system. La. Constitution Article 10, § 17 addresses permanent appointments and promotions in the system.
Pursuant to the authority granted by La. Const. Art. 10, § 16, the legislature created The Fire and Police Civil Service, a classified civil service system embracing the positions of employment, the officers, and employees of the fire protection districts. La. R.S. 33:2535. This system applies to all fire protection districts operating a regularly paid fire department. La. Const. Art. 10, § 16. A fire and police civil service board is created in each “municipal, parish, or fire protection district” pursuant to La. R.S. 33:2586. Louisiana Revised Statutes 33:2537 provides that this fire and police civil service board shall, among other duties, “[a]dopt and maintain a classification plan.” But the enumerated duties of the board notably do not include the duty or power to adopt or implement a pay plan.[5]
Because our constitution does not grant the fire and police civil service boards the same “broad and general rule-making” power that is granted to the state and city civil service commissions, we find no basis for concluding that the fire and police civil service boards in each fire protection district have exclusive | {jurisdiction over employment-related disputes, particularly those involving pay issues.[6]
Pursuant to La. Const. Art. 5, § 16, our district courts have original jurisdiction of all civil and criminal matters “[ejxcept as otherwise authorized by this constitution .... ” Accordingly, since we find no provision in the constitution authorizing the Fire District’s Civil Service Board to resolve employment-related pay disputes, we conclude these disputes fall within the *46 original jurisdiction of the district court. Accordingly, the trial court had jurisdiction to address La Grange’s request for declaratory relief, and we have jurisdiction to review the trial court’s judgment denying that relief.
B. La Grange’s Claim for Equal Pay
Louisiana Revised Statutes 33:1969 mandates, “Equal recognition and compensation shall be received for equal performance of duty and responsibility.” This provision is specifically applicable to “firemen paid by any ... fire protection district.” La. R.S. 33:1961. Louisiana Revised Statutes 33:1992 A also sets forth minimum salaries to be paid to each rank of the firefighters. The statute directs that the higher-ranking employees’ salaries are to be a specified percentage above the salary of a fireman, the lowest designated firefighter. La. R.S. 33:1992 B also provides for annual longevity increases for those firefighters having served 110between three and twenty years. This increase is at a rate of two percent each year and is computed on both base and longevity pay.
Based on La. R.S. 33:1969, La Grange seeks a declaration that he is entitled to receive the rate of pay enjoyed by Chauffe, retroactive to Chauffe’s appointment date.[7] The Fire District argues that its adoption of a uniform pay plan pursuant to its civil service system and the requirement of longevity increases based on seniority pursuant to La. R.S. 33:1992 B results in different levels of pay for firefighters who perform the same duties and responsibilities. In essence, the Fire District suggests that the enactment of La. R.S. 33:1992 B effectively repealed La. R.S. 33:1969.
In interpreting these statutory provisions, we apply the following rules of statutory construction as set forth in City of Pineville v. American Federation of State, County, and Municipal Employees, AFL-CIO, Local 3352, 2000-1983, pp. 3-4 (La.6/29/01), 791 So.2d 609, 612:
When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written and no further interpretation may be made in search of legislative intent. La. C.C. art. 9. The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it. The statute must therefore be applied and interpreted in a manner which is consistent with logic and the presumed fair purpose and intention of the legislature in passing it. This is because the rules of statutory construction require that the general intent and purpose of the legislature in enacting the law must, if possible, be given effect.... It is presumed that the intention of the legislative branch is to achieve a consistent body of law. In addition ... rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible; however, ifJjjthere is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.
(Case citations omitted).
We also examine these statutory provisions in conjunction with the constitutional mandate of Article 10, § 17, that individual promotions shall be made “under a general system based upon merit, efficiency, fitness, and length of service *47 ...” In keeping with this mandate, the legislature has established that length of service, among other factors, will be compensated in the fire district’s pay plan. Likewise, the legislature has also directed that equal performance of duties and responsibility shall be equally compensated. Reading these provisions together, we believe the legislature intended that firefighters of the same rank, who have equal longevity in that rank and in the system overall, and who equally perform their duties will be paid the same hourly rate. Conversely, firefighters in the same rank who equally perform the same duties and responsibilities but have different lengths of overall service or service in that rank are not entitled to the same pay. A different number of years of service in a particular rank does not qualify as “equal performance of duty and responsibility.” Such an interpretation gives meaning and effect to both provisions and is in accordance with legislative intent. Thus, we conclude that the enactment of La. R.S. 33:1992 did not implicitly repeal La. R.S. 33:1969.
The facts of the present case establish that La Grange has served more years both overall and in the rank of captain than Chauffe. Thus, based on the mandate of La. R.S. 33:1969, we conclude that he is entitled to have his pay adjusted to at 112least the hourly rate paid to Chauffe, retroactive to the date that Chauffe was appointed to the rank of Captain, if the Fire District determines that La Grange is performing the duties and responsibility of the captain rank in an equal manner to that of Chauffe.[8]
“Equal pay for equal work” is a basic theory of civil service systems. We recognize that other cases involving civil service systems have interpreted this general theory as not requiring adjustments in pay when discrepancies have resulted within the same classification of a uniform pay plan. See Gaspard v. Dep’t of State Civil Service, 93-0311 (La.App. 1st Cir.3/11/94), 634 So.2d 14, and Hollingsworth v. Dep’t of Public Safety, 354 So.2d 1058 (La.App. 1st Cir.1977), writ denied, 356 So.2d 1010 (La.1978). We distinguish those cases from the instant case because they involved claims of discrimination and did not involve a statutory mandate of “equal compensation.”
III. CONCLUSION
For these reasons, we reverse the trial court’s dismissal of La Grange’s request for declaratory relief. We hereby declare that La Grange is entitled to have his pay adjusted to the hourly rate paid to Chauffe, retroactive to the date that Chauffe was appointed to the rank of Captain, if the Fire District determines that La Grange is performing the duties and responsibility of the captain rank in an >Jjigequal manner to that of Chauffe. Costs of this appeal are to be paid by the Fire District.
REVERSED AND RENDERED.
WHIPPLE J., concurs in part and dissents in part for reasons assigned.

. Louisiana Revised Statutes 33:1961 establishes that this mandate is applicable to firemen paid by a fire protection district.

. Because Chief Gorrondona did not know the exact date of Chauffe's promotion, his testimony did not clearly establish whether *43 Chauffe received his anniversary raise prior to or after his promotion to Captain.

. It appears that the pay differential varies depending on the time of the year that the calculation is made.

. The Fire District cites Strickland v. State, Through Office of the Governor, 525 So.2d 740 (La.App. 1st Cir.), appeal dismissed, 534 So.2d 956 (La.1988) and Foreman v. Falgout, 503 So.2d 517 (La.App. 1st Cir.1986).

. The parties have not challenged that the board of commissioners of the fire protection district has the authority to implement the pay plan. Fire protection districts are generally provided for in La. R.S. 40:1491 et seq. In certain situations, as set forth in La. R.S. 40:1495, the fire protection district is governed by a board of commissioners. The board of commissioners has “such powers and shall perform such duties as are customary for the governing bodies of taxing districts and political subdivisions .... It may do all things necessary to carry out the purposes for which the district was created.” La. R.S. 40:1499.

. Additionally, we recognize that La. R.S. 33:2561 addresses appeals by employees in the classified service to the fire and police civil service board and provides that "[a]ny regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause may, within fifteen days after the action, demand in writing a hearing and investigation by the board to determine the reasonableness of the action.” There is no provision authorizing an appeal to the board regarding pay issues.

. La Grange does not seek a higher pay than Chauffe based on his seniority.

. While we recognize that the parties stipulated that La Grange performs "duties and responsibilities of equal status" to that performed by Chauffe, the record does not specifically address whether those equal duties were performed in an equal manner. La. R.S. 33:1969 does not dictate equal compensation in the absence of an equal qualitative performance. Thus, if Chauffe's performance of his duties as Captain is superior to La Grange’s performance of the same job duties, Louisiana Revised Statutes 33:1969 does not mandate equal compensation.