CARAWAY, J.,
dissenting.
|! Since I find the Shreveport Municipal Fire and Police Civil Service Board (the “Board”) is an indispensable party to this controversy, I would set aside the ruling of the trial court and remand for joinder of the Board. La. C.C.P. art. 927(B).
A municipal fire and police civil service board is a political subdivision, distinct from the municipal government, with separate constitutional and statutory governance under the law. La. Const. art. X, § 16; La. R.S. 33:2471, et seq. The jurisprudence demonstrates controversies litigated directly between a municipality and its civil service board. City of Kenner v. Lawrence, 365 So.2d 1301 (La.1978); City of Kenner Fire Dep’t v. Mun. Fire and Police Civil Serv. Bd., 97-228 (La.App. 5th Cir.9/30/97), 700 So.2d 1114. A civil service board has an interest in the maintenance of a cohesive personnel policy. City of Kenner v. Lawrence, supra at 1303. A board has an “interest in securing a judicial determination” of an “issue of general concern to civil service administration.” Id.
Such an issue of civil sendee administration underlies the current dispute involving the statutory interpretation of La. R.S. 33:2586. Under that statute, the Board’s discretionary power to create an incentive pay plan for classified employees is arguably an extension of its exclusive power *1111 under La. R.S. 33:2477(8) to “[a]dopt and maintain a classification plan.” More specifically, La. R.S. 33:2483 requires the civil service board to adopt a classification plan consisting of “classes to be designated either by ^standard titles, ranks, or a combination thereof, for all positions included in the classified service.... ” Also, under La. R.S. 33:2492, it is the civil board, not the municipality, that establishes “tests to determine the eligibility of applicants for entry upon the promotional and competitive employment lists.” “All tests shall be restricted to those matters which will fairly test the relative capacity and fitness of the candidates to discharge the duties characteristic of positions of the class to which they seek to be appointed.” La. R.S. 33:2492(4). With this longstanding statutory authority of the civil service board in our law, the legislature enacted in 1982 the now disputed incentive pay statute, La. R.S. 33:2586, as a “miscellaneous provision” and adjunct power for the overall authority of civil service boards. Despite this statutory framework, the City now asserts that the civil service administration of incentive pay plans for classified employees falls within its municipal powers. The Board certainly must be an indispensable party in this litigation before an answer to the City’s assertion and a declaratory judgment for the operation of this statute may be given.
Additionally, this statutory authority issue is not limited to this small group of firefighters’ claim of an unfair civil service structure created by the City’s incentive pay plan and their past and future incentive pay claims. All firemen in the City, whether receiving incentive pay or not, can make similar claims. Moreover, such claims arguably may fall exclusively within the Board’s jurisdiction for resolution; yet this action was commenced in the district court. The Board’s participation in this litigation will ensure that |sthese broader issues regarding all firefighters and the Board’s jurisdiction are appropriately examined.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, CARAWAY and PEATROSS, JJ.
Rehearing denied.